**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Application of FORENSIC NEWS LLC and SCOTT STEDMAN for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding. | Case No. 22-mc-00229 |

### *EX PARTE* APPLICATION FOR JUDICIAL ASSISTANCE TO OBTAIN EVIDENCE FOR USE IN A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782

Based upon the concurrently filed Memorandum of Law, Declarations of Anne Champion and Patrick Doris, and supporting documents, Forensic News LLC and Scott Stedman ("Petitioners") respectfully apply to this Court *ex parte* for an Order, pursuant to 28 U.S.C. § 1782 and Federal Rules of Civil Procedure 26, 30, and 45, granting them leave to serve Respondent Mark Rossini with subpoenas in substantially the same form of those attached as Exhibit 1 to the Declaration of Anne Champion for the production of documents and deposition testimony for use in proceedings in the United Kingdom.

As set forth in the accompanying memorandum of law, Petitioners' application meets the three statutory requirements of Section 1782. Petitioners, as parties to a foreign proceeding, seek discovery from an individual that "resides" or "is found" in this judicial district for the use in a foreign lawsuit. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004). Similarly, each of the four factors that the Supreme Court established to guide this Court's discretion in permitting discovery pursuant to Section 1782 also weigh in favor of awarding discovery. *First*, Respondent is not a party to the foreign lawsuit. *Second*, courts in the United Kingdom, where the foreign lawsuit against Petitioners is pending, are receptive to information obtained through

Section 1782.  *Third*, the discovery here does not seek to circumvent any proof-gathering restrictions in the forum in which the foreign lawsuit is pending.  *Fourth*, the discovery requested is not unduly burdensome, does not seek privileged information, and is limited to specific topics relevant to Petitioners' defenses in the foreign lawsuit.

Finally, an *ex parte* application is proper because Section 1782 specifically contemplates and authorizes such applications.  *See In re Hornbeam Corp.*, 722 F. App'x 7, 10 (2d Cir. 2018).  Respondent Rossini will have the opportunity to challenge Petitioners' subpoenas once served.  *See In re JSC BTA Bank*, 577 F. Supp. 3d 262, 268 (S.D.N.Y. 2021).

Petitioners therefore respectfully request that this Court enter an Order granting their application.

Dated:   August 23, 2022　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　GIBSON, DUNN & CRUTCHER LLP


　　　　　　　　　　　　　　　　　　　　　　*/s/  Anne Champion*
　　　　　　　　　　　　　　　　　　　　　　Anne Champion
　　　　　　　　　　　　　　　　　　　　　　Lee R. Crain
　　　　　　　　　　　　　　　　　　　　　　Erica Sollazzo Payne
　　　　　　　　　　　　　　　　　　　　　　Cate McCaffrey
　　　　　　　　　　　　　　　　　　　　　　Adam J. Garnick
　　　　　　　　　　　　　　　　　　　　　　GIBSON, DUNN & CRUTCHER LLP
　　　　　　　　　　　　　　　　　　　　　　200 Park Avenue, 47th Floor
　　　　　　　　　　　　　　　　　　　　　　New York, NY 10166-0193
　　　　　　　　　　　　　　　　　　　　　　Telephone: (212) 351-4000
　　　　　　　　　　　　　　　　　　　　　　Facsimile:  (212) 351-4035


　　　　　　　　　　　　　　　　　　　　　　*Counsel for Petitioners*
　　　　　　　　　　　　　　　　　　　　　　*Forensic News LLC & Scott Stedman*