# EXHIBIT 1

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | |
|---|---|
| In re Application of Forensic News LLC et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| | ) |
| | ) |
| *Defendant* | ) |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: Mark Rossini

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Gibson, Dunn & Crutcher<br>200 Park Avenue, New York, NY 10166<br>(to be conducted remotely) | Date and Time:<br>10/20/2022 9:00 am |
|---|---|

The deposition will be recorded by this method: Stenographic and audiovisual.

☑ **Production:** You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See attached Attachment A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/23/2022

*CLERK OF COURT*

OR

_____          /s/ Anne Champion
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Forensic News LLC and Scott Stedman , who issues or requests this subpoena, are:
Anne Champion; 200 Park Avenue, New York, NY 10166; achampion@gibsondunn.com; +1 (212) 351-5361

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## DEFINITIONS

The following definitions apply to the requests below and should be considered as part of each such deposition topic:

1. The terms "You," "Your," and "Yours" mean the subpoenaed party—Mark Rossini—and any current and former representatives, agents, and any other person acting, or purporting to act, on his behalf.

2. The term "USG" means USG Security Limited (*a/k/a* USG Security Group, *f/k/a* Universe Security Group Limited) and any subsidiaries, affiliates, partners, officers, directors, employees, representatives, agents, and any other person acting, or purporting to act, on its behalf, and any predecessors or successors of the foregoing, including Universe Security Group Limited.

3. The term "Walter Soriano" means the Claimant in the civil action *Walter Tzvi Soriano v. Forensic News LLC, et al.*, Claim No. QB-2020-002450, currently pending in the High Court of Justice, Queen's Bench Division.

4. The term "relevant person" means any of the following:

- Roman Abramovich
- Tetiana Bersheda
- Yves Bouvier
- Oleg Deripaska
- Michael Flynn
- Isaac Molho
- Benjamin Netanyahu
- Vladimir Putin
- Nastya Rybka
- Dmitry Rybolovlev
- Maxim Skachko

as well as any affiliates, partners, representatives, agents, and any other person acting, or

purporting to act, on their behalves or on the behalf of any business they control.

    5.      The term "relevant entity" means any of the following:

- Altos Hornos de Mexico
- Aviram Hawk – Consultant Investigations & Operations
- Basel Aero
- Basic Element
- Graff Diamonds
- The Russian Federation
- The State of Israel

as well as any subsidiaries, affiliates, partners, officers, directors, employees, representatives, agents, and any other person acting, or purporting to act, on its behalf, and any predecessors or successors of the foregoing.

    6.      The term "relevant period" means January 1, 2008 to Present, except where otherwise noted.

    7.      The term "Contract" shall mean any written agreement or writing memorializing an oral agreement that is either signed or acknowledged by both parties with the intent to bind the parties thereto, including any prior versions and drafts thereof.

    8.      The term "concerning" shall mean, in whole or in part, directly or indirectly, constituting, containing, embodying, evidencing, showing, comprising, reflecting, identifying, illustrating, stating, referring to, related to, dealing with, commenting on, responding to, describing, involving, mentioning, discussing, recording, supporting, or negating a given subject matter.

    9.      The term "including" shall not be construed as limiting any request, and shall mean the same as "including, but not limited to."

10. The term "all documents" means every document and every non-identical copy known to You and every such document or writing which You can locate or discover by reasonably diligent efforts.

11. For all terms not herein defined, the definitions set forth in Local Civil Rule 26.3 of the Local Rules for the United States District Court for the Southern District of New York apply.

## INSTRUCTIONS

The following instructions shall govern the response and production of documents:

1. In response to these requests, You are required to produce all responsive documents in Your actual or constructive possession, custody, or control, including documents in the possession of, or available or accessible to, You or any of Your agents or attorneys.

2. At the time and place of production of the documents requested herein, the documents requested are to be produced in the same order as maintained in the ordinary course of business and in accordance with Rule 45 of the Federal Rules of Civil Procedure.

3. If You object to a portion or an aspect of a Document Request, You are required to state the grounds for Your objection with specificity within 7 days of these Document Requests and to respond as to any portion(s) of the Document Request concerning which You have not propounded such objection. Any objections must be stated with specificity, pursuant to Federal Rule of Civil Procedure 34(b)(2).

4. If it is Your position that a Document or Communication responsive to a Request below exists but is in the possession, custody, or control of another person or entity (including Walter Soriano and USG), identify the Document or Communication and the entity which You believe exercises possession, custody, or control over that Document or Communication.

5. For each document produced, identify the specific Document Request category or categories to which it is responsive.

6. In the event that any document called for by these Document Requests has been destroyed, discarded, otherwise disposed of, or no longer exists, that document is to be identified as completely as possible, including, without limitation, the following information: author(s); addressee(s); indicated or blind-copy recipient(s); date, subject matter; date of disposal; reason

for disposal or why it is no longer in existence; method of disposal; person(s) authorizing the disposal; and the person(s) disposing of the document; and last known location.

7. If, with respect to any Document Request, there are no responsive documents, so state in writing.

8. Unless a Request calls for the production of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, doctrine, or right of privacy, each request for documents seeks production of the document in its entirety, without abbreviation, redaction, expurgation, or modification, including all attachments, enclosures, or other matters affixed thereto. Documents attached to each other, including, but not limited to, by staple, clip, tape, email attachment, or "Post-It" note, should not be separated. The production must also include, where applicable, any index tabs, file dividers, designations, binder spine labels, or other similar information as to the source and/or location of the documents. If a document responsive to any Request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible. In the event that multiple copies or versions of a document exist, produce all non-identical copies of the document, including any and all drafts of the document.

9. Where a claim of privilege is asserted in objecting to any Document Request or subpart thereof, and any document is withheld on the basis of such assertion, You shall submit in lieu of each such document a privilege log in accordance with Federal Rule of civil Procedure 26 and Local Civil Rule 26.2 that:

    a. Identifies the nature of the privilege (including work product) that is being claimed;

    b. Describes the nature and general topic of the document in a manner consistent with the privilege, work product, or other asserted ground for non-production;

    c. Identifies the person or persons who prepared the document and (if applicable) the person or persons to whom the document was sent;

    d. Identifies each other person who has seen or had possession of the document;

    e. Specifies the date on which the document was prepared, transmitted, or received; and

    f. Provides such other information as is sufficient to identify the document in a manner that will enable Petitioners and the court to assess the applicability of the privilege claimed.

10. Defined terms may be capitalized for convenience; the definitions herein apply whether or not the term is capitalized.

11. Except where expressly stated, these Document Requests are not limited in any way by geography.

**DOCUMENTS TO BE PRODUCED**

1. All Contracts, including any and all drafts, between or among You and USG or Walter Soriano.

2. All Documents and Communications concerning payment or compensation from USG to You, including any paystubs or bank statements reflecting receipt of payment from USG or source of USG's funds.

3. All Communications between yourself and Walter Soriano concerning any Relevant Person or Relevant Entity.

4. All Documents and Communications concerning Walter Soriano's relationship with or to any Relevant Person or Entity.

5. All Documents and Communications concerning any contracts or work performed by You, USG, or Walter Soriano for or relating to any Relevant Person or Entity.

6. Documents sufficient to reflect any and all direct or indirect owners of or partners in USG.

7. All Documents and Communications concerning the 2018 arrest of Nastya Rybka in Thailand.

8. All Documents and Communications pertaining to contracts or work performed by Maxim Skachko for USG or Walter Soriano.