**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Anne Champion
Direct: +1 212.351.5361
Fax: +1 212.351.5281
AChampion@gibsondunn.com

**Via ECF**

January 24, 2023

The Honorable Robert W. Lehrburger
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re:   *In re Application of Forensic News LLC & Scott Stedman*, No. 22-MC-0229

Dear Judge Lehrburger:

Pursuant to Local Rule 37.1 and Rule II(D) of Your Honor's Individual Practices, we write as counsel to independent news organization Forensic News LLC and its founder Scott Stedman ("Petitioners") in the above-captioned proceeding to raise a discovery dispute arising out of (i) deficiencies in Respondent Mark Rossini's answers to questions at his recent deposition and (ii) his improper withholding of documents our subpoena required him to produce.[1]  In sum, Rossini is using a pending indictment for unrelated activity during a separate time period as a basis to invoke the Fifth Amendment to refuse to answer questions on a host of seemingly unrelated topics and different time periods, with no attempt to meet his "burden of demonstrating" his entitlement to it. *Morgan Art Found. Ltd. v. McKenzie*, 2021 WL 5919133, at *5 n.6 (S.D.N.Y. Dec. 15, 2021).  Rossini has further failed to produce a single document, with no explanation except a belated invocation of the "act of production" privilege.  But Rossini has made no showing that the mere act of producing documents in response to our subpoena would "provide the government with evidence to fuel a criminal prosecution," as required to invoke this narrow privilege. *OSRecovery, Inc. v. One Groupe Int'l, Inc.*, 262 F. Supp. 2d 302, 306 (S.D.N.Y. 2003).  Petitioners thus request that Rossini's objections to testifying in response to Petitioners' legitimate questions and producing documents in response to Petitioners' subpoena be overruled.

As set forth in their application for leave to take discovery under 28 U.S.C. § 1782 (Dkt. 4), Petitioners are defendants in a defamation action in the English High Court.  That action was brought by Walter Soriano, whose connections to Russian oligarchs, including through his security consulting company USG, were uncovered through Petitioners' reporting.  Our clients have since been pursuing discovery in the United States to aid in their defense.  We filed the instant application on August 23, 2022, seeking documents and testimony from Soriano's former contractor, Rossini, who did investigative work for Soriano.  Rossini thus has relevant knowledge about Soriano, the identities of his clientele, and the work he did for that clientele—all of which would likely aid Petitioners' defense.  This Court granted the application on October 19, 2022, and we served a subpoena on Rossini two days later.  After meeting and conferring multiple times with Rossini's counsel, including on his intent to invoke the Fifth

---

[1]  On January 20, 2023, we met and conferred with Rossini's counsel via telephone in a good-faith effort to resolve this dispute but were unable to do so.

Abu Dhabi · Beijing · Brussels · Century City · Dallas · Denver · Dubai · Frankfurt · Hong Kong · Houston · London · Los Angeles
Munich · New York · Orange County · Palo Alto · Paris · San Francisco · Singapore · Washington, D.C.

**GIBSON DUNN**

The Honorable Robert W. Lehrburger
January 24, 2023
Page 2

Amendment in response to certain questions, we deposed Rossini on January 13, 2023.

***1. Deposition Deficiencies.*** A witness may not invoke the Fifth Amendment to avoid answering deposition questions unless he has "reasonable cause to apprehend that answering the question will provide the government with evidence to fuel a criminal prosecution." *OSRecovery, Inc.*, 262 F. Supp. 2d at 306. "[T]he privilege protects against real dangers, not remote and speculative possibilities." *Zicarelli v. N.J. State Comm'n of Investigation*, 406 U.S. 472, 478 (1972). Even where a witness "is being prosecuted by the government," he "is not entitled to assert the privilege if the offense with which he is charged is completely unrelated to" the questions asked. *Fasolino Foods Co. v. Banca Nazionale Del Lavoro*, 1992 WL 123650, at *3 (S.D.N.Y. May 28, 1992). As the party invoking the privilege against self-incrimination, Rossini bears the "burden of demonstrating" his entitlement to it. *Morgan Art Found.*, 2021 WL 5919133, at *5 n.6.

During his deposition, Rossini asserted the privilege in response to all questions regarding work performed by USG on behalf of   Those invocations arose out of Rossini's pending indictment in *United States v. Vazquez Garced, et al.*, No. 22-342 (ADC) (D.P.R.). That indictment alleges that, from around December 2019 until May 2020, Rossini conspired with the owner of a Puerto Rican bank to pay then-Governor of Puerto Rico Wanda Vazquez Garced with the intent of influencing her to remove and replace a regulatory official perceived as hostile to the bank's interests. The indictment makes no mention of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, or for that matter, USG or Soriano.

Neither Rossini nor his attorneys have explained the connection (if any) between those topics and the *Vasquez Garced* indictment, despite Petitioners' counsel asking for such a proffer. *See* Ex. A. Petitioners understand that the work USG performed for ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ occurred in or around 2014 through 2016. By contrast, the relevant period specified in the indictment does not begin until December 2019. Ms. Vazquez Garced did not even become Governor of Puerto Rico until August 7, 2019. Yet Rossini continued to assert the privilege even when questions were explicitly narrowed ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Given the lack of connection between USG's work and the *Vasquez Garced* indictment, Petitioners believe Rossini's numerous invocations of the Fifth Amendment privilege to be improper. *See Sphere Casual Wear, Inc. v. Int'l Leisure Apparel, Inc.*, 1994 WL 67851, at *1 (S.D.N.Y. Mar. 2, 1994) (denying witness' application for a protective order because "the pending criminal matter against [him] involve[d] entirely different facts, parties and circumstances" and therefore there was "no showing of [a] 'real and appreciable' danger of self-incrimination"). Rossini should be compelled to sit for a second deposition and address these topics.

***2. Improper Withholding of Documents.*** Rossini likewise has failed to produce any documents in response to our subpoena. The return date on our subpoena was January 13,

**GIBSON DUNN**

The Honorable Robert W. Lehrburger
January 24, 2023
Page 3

2023. That date came and went without Rossini producing a single document or any sort of privilege log as required by L.R. 26.2. During the parties' meet and confers before Rossini's deposition, his counsel even represented that Rossini likely did not *have* any responsive documents. Yet at the deposition, Rossini's counsel indicated for the first time, and confirmed in a January 17, 2023 letter, that Rossini *did* have an unidentified number of responsive documents, which were being withheld from production under the act of production privilege. *See* Ex. B.

The act of production privilege is "narrow," *United States v. Fridman*, 974 F.3d 163, 174 (2d Cir. 2020), and applies only when the "act of production is itself (1) compelled, (2) testimonial, and (3) incriminating," *In re Three Grand Jury Subpoenas Duces Tecum Dated Jan. 29, 1999*, 191 F.3d 173, 178 (2d Cir. 1999). Again, Rossini has not even tried to carry his burden of establishing that the act of production privilege applies. Given the lack of connection between Soriano or USG and the *Vasquez Garced* case, and the lack of temporal overlap between the relevant events, there is no reasonable basis to conclude that the act of producing documents in response to our subpoena would "provide the government with evidence to fuel a criminal prosecution." *OSRecovery, Inc.*, 262 F. Supp. 2d at 306. This Court should compel Rossini to produce immediately any responsive documents. *See United States v. Gendreau*, 2014 WL 464754, at *3 (S.D.N.Y. Jan. 22, 2014) (holding that "by refusing to provide a privilege log or to submit the requested documents for in camera review, [the respondent had] failed to meet her burden of showing that production would incriminate her").

The evidence Petitioners seek can establish the truth of their reporting on USG's clientele and Soriano's connection to Russian oligarchs; it thus goes to a core defense in the English action. The need for this evidence is fast approaching. A critical hearing in the English defamation proceeding will occur in early March 2023, at which the Court will consider our clients' truth defense and whether it should be dismissed.[2] Given the importance of this information to Petitioners' defense, we respectfully request the Court to direct Rossini (i) to sit promptly for a second deposition and compel him to answer questions regarding USG's work for ███████ and (ii) to produce all documents responsive to Petitioners' subpoena. We thank the Court for its kind consideration.

---

[2] For the first time by email on January 19, 2023, and again on the parties' January 20, 2023 meet and confer, Rossini's attorneys advised they would be unavailable for several weeks and requested that any briefing related to this dispute be deferred until February 9. Petitioners do not believe briefing is necessary—this dispute can be resolved based on discovery letter submissions and a short court conference. In any event, we previously had informed Rossini's counsel on multiple occasions that Petitioners have an urgent need for this evidence. Both of Rossini's attorneys are members of firms, with over 20 other attorneys who could step in to assist with this matter should they truly be unavailable. Given that Rossini's counsel have for months known of our clients' urgency and should be able to procure temporary assistance, then, it appears Rossini's counsel are simply trying to run out the clock.

**GIBSON DUNN**

The Honorable Robert W. Lehrburger
January 24, 2023
Page 4

Sincerely,

GIBSON, DUNN & CRUTCHER LLP

*s/ Anne Champion*
Anne Champion

cc:    All counsel of record (via ECF)