# EXHIBIT A

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Erica Sollazzo Payne
Direct: +1 212.351.5376
Fax: +1 212.817.9576
EPayne@gibsondunn.com

January 12, 2023

David Greenberger
Bailey Duquette P.C.
104 Charlton Street, 1-W
New York, NY 10014

Michael Nadler
Stumphauzer Kolaya Nadler & Sloman PLLC
One Biscayne Tower
Two S. Biscayne Blvd
Miami, FL 33131

Re:   *In re Application of Forensic News LLC & Scott Stedman for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding*, No. 22-MC-0229

Dear David and Michael:

We write to memorialize our discussion on January 10, 2023 regarding your position on the deposition of your client, Respondent Mark Rossini, scheduled for tomorrow, January 13, 2023, and the extent to which Mr. Rossini intends to answer questions during the deposition. We appreciate the discussion and your willingness to confer about these issues.

On our call, we asked whether the pending indictment in the matter *United States v. Vazquez Garced, et al.*, No. 22-342 (ADC) (D.P.R.), was the basis for any anticipated assertion of the Fifth Amendment privilege. As you know, the indictment in that case alleges that, from around December 2019 until around May 2020, Mr. Rossini conspired with the owner of a Puerto Rican bank to pay then-Governor of Puerto Rico Wanda Vazquez Garced with the intent of influencing her to remove and replace a regulatory official perceived as hostile to the bank's interests. Neither Walter Soriano nor his consulting firm USG appears on the face of the indictment.

We asked whether, to your knowledge, Mr. Soriano or USG is connected in any way to the conduct alleged or charged in the indictment. We also asked whether you have conferred with Mr. Rossini about whether he is aware of any such connection. We noted that the conduct alleged in the indictment is limited to the time period "in or around December 2019 through in or around May 2020," whereas we understand that Mr. Rossini worked for USG from about 2014 until about 2018. We specifically asked whether Mr. Rossini intends to assert the Fifth Amendment privilege even with respect to questions about conduct or activities that took place well before December 2019, including his work at USG—which is evidence critical to our clients' defense in the English Defamation Action that is the subject of this Section 1782 proceeding.

You confirmed that the indictment in *Vazquez Garced* would be the basis for any assertion of the Fifth Amendment privilege your client makes in tomorrow's deposition. And you indicated that Mr. Rossini would not answer any questions at his deposition besides those related to general biographical background, no matter what time period the question addressed.

**GIBSON DUNN**

David Greenberger
Michael Nadler
January 12, 2023
Page 2

You stated that you had not fully reviewed discovery related to the *Vazquez Garced* matter and were therefore unable to represent that Mr. Soriano or USG is involved in the matter or that there is any connection between Mr. Soriano, on the one hand, and the allegations in *Vazquez Garced*, on the other. When we asked whether you have conferred with Mr. Rossini about whether he is aware of any such connection, Mr. Nadler stated he had not. Mr. Greenberger then jumped in to state that you had "fully conferred" with your client and to assert that we were improperly asking for privileged information. (As we stated on the call, however, we were not asking for the substance of any discussions or communications you may have had with Mr. Rossini—only whether you had conferred with Mr. Rossini about this general topic, as is permissible.) You indicated that there may be "other investigations" pending, but you declined to specify what the investigations were or to provide any information about them or their potential connection to your client, Mr. Soriano, or USG.

As you know, a witness may not invoke the Fifth Amendment to avoid answering questions at a civil deposition unless the witness has "reasonable cause to apprehend that answering the question will provide the government with evidence to fuel a criminal prosecution." *OSRecovery, Inc. v. One Groupe Int'l, Inc.*, 262 F. Supp. 2d 302, 306 (S.D.N.Y. 2003) (finding that even when criminal prosecution was a "real danger," that alone did not justify invocation of the privilege to avoid answering virtually all questions). "[T]he privilege protects against real dangers, not remote and speculative possibilities." *Zicarelli v. New Jersey State Comm'n of Investigation*, 406 U.S. 472, 478 (1972).

As we understand it, your position is that a pending criminal indictment automatically makes the risk of self-incrimination concrete and non-speculative with respect to every single question that might be asked besides those about a witness' "general background." That is not the law. *See, e.g.*, *OSRecovery, Inc.*, 262 F. Supp. 2d at 306-07. Even where a witness "is being prosecuted by the government," that witness "is not entitled to assert the privilege [against self-incrimination] if the offense with which he is charged is completely unrelated to" the questions asked in a civil deposition. *Fasolino Foods Co. v. Banca Nazionale Del Lavoro*, 1992 WL 123650, at *3 (S.D.N.Y. May 28, 1992); *see also Sphere Casual Wear, Inc. v. Int'l Leisure Apparel, Inc.*, 1994 WL 67851, at *1 (S.D.N.Y. Mar. 2 1994) (denying witness' application for a protective order because "the pending criminal matter against [him] involve[d] entirely different facts, parties and circumstances" and therefore there was "no showing of [a] 'real and appreciable' danger of self-incrimination"); *Camelot Grp., Ltd. v. W. A. Krueger Co.*, 486 F. Supp. 1221, 1227 (S.D.N.Y. 1980) (denying witness' assertion of the privilege based on another case where the subject of discovery was "relatively narrow" and "wholly unrelated" to the other case, even though both involved the same company).

You have thus far been unable to articulate any connection between the allegations or conduct charged in the indictment and Mr. Soriano. This is concerning given that you have had several months to get up to speed on the criminal case and confer with your client. Indeed, on our

**GIBSON DUNN**

David Greenberger
Michael Nadler
January 12, 2023
Page 3

prior calls, you have noted appreciatively that we have given you ample time to consider the issues applicable to this civil proceeding and your client's criminal case. But on our call this week you noted that, despite the nearly two months that you have had notice of this deposition, you are still reviewing discovery in Mr. Rossini's criminal case and that it was "possible" Mr. Soriano could relate to the charges in Mr. Rossini's criminal case. That does not discharge Mr. Rossini's "burden of demonstrating" his entitlement to the Fifth Amendment privilege with respect to questions related to Mr. Soriano, USG, or work Mr. Rossini performed for USG—especially to the extent that work predates December 2019 (as we understand it does). *Morgan Art Found. Ltd. v. McKenzie*, 2021 WL 5919133 at *5 n.6 (S.D.N.Y. Dec. 15, 2021).

You also referred generally to the risk that Mr. Rossini's civil deposition testimony could be used to impeach him were he to testify in the *Vazquez Garced* matter. But a witness may not invoke the Fifth Amendment based only on the hypothetical risk that his testimony in a civil action could be used to impeach him or undermine his credibility in a criminal case. *See United States v. Rechnitzer,* 2007 WL 676671, at *6 (N.D.N.Y. Feb. 28, 2007), *modified in part on other grounds sub nom. United States v. Persaud*, 2007 WL 1074906 (N.D.N.Y. Apr. 5, 2007) (overruling witness' assertion of Fifth Amendment privilege notwithstanding her "concern for the risk that her disclosures . . . might some day be used to impeach her testimony" because "that risk is beyond the protection of the privilege"); *see also, e.g.*, *McKnight v. Brown*, 2022 WL 488607, at *2 (D. Colo. Feb. 17, 2022) ("The risk of being impeached with testimony provided under oath is not a basis for asserting the Fifth Amendment privilege against self-incrimination."). Indeed, the federal district court in *McKnight* was "confound[ed]" by the argument—indistinguishable from the one you appear to advance—that a witness facing criminal charges may invoke the Fifth Amendment simply because "he could be later impeached with statements from his [civil] deposition." 2022 WL 488607, at *2.

We expect Mr. Rossini to adhere to the law during his deposition and to be prepared to substantiate the connection, if any, between the indictment and the topics identified in our civil subpoena. We reserve all rights.

We look forward to seeing you tomorrow.

# GIBSON DUNN

David Greenberger
Michael Nadler
January 12, 2023
Page 4

Sincerely,

GIBSON, DUNN & CRUTCHER LLP

/s/     *Erica Sollazzo Payne*

Erica Sollazzo Payne

cc:     Anne Champion
        Lee R. Crain
        Cate McCaffrey
        Eleanor R. Coates