

January 27, 2023

**BY ECF**
The Honorable Robert W. Lehrburger
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

        Re:    *In re Application of Forensic News LLC & Scott Stedman*, No. 22-MC-0229

Dear Judge Lehrburger:

      We represent non-party Mark Rossini, the recipient of a 28 U.S.C. § 1782 Subpoena (the "**1782 Subpoena**"). Pursuant to Rule II(D) of Your Honor's Individual Practices, we write to address the January 24, 2023 letter that Forensic News LLC and Scott Stedman ("**Petitioners**") filed (the "**Letter**", ECF No. 19) concerning Mr. Rossini's assertions of: (1) his Fifth Amendment privilege with respect to specific questions during a robust deposition, and (2) the act of production privilege with request to documents the 1782 Subpoena sought. Mr. Rossini has complied with his obligations and appropriately asserted his Fifth Amendment rights in the face of questions and demands that Petitioners' public statements acknowledge put him in further criminal peril.

### I. FACTUAL BACKGROUND

      Mr. Rossini currently faces criminal charges in a federal indictment in *United States v. Vazquez Garced, et al.*, No. 22-342 (D.P.R.) (the "**Ongoing Criminal Case**"). Discovery is still ongoing, and the scope of the related parties, timeframes, and activities, remains in flux.

      On October 21, 2022, Petitioners served Mr. Rossini with the 1782 Subpoena, which ostensibly is in aid of a defamation action that Walter Soriano is pursuing against Petitioners in the UK. Mr. Rossini previously worked as an independent contractor for USG, a security consulting company affiliated with Mr. Soriano, but is not involved in the UK action. The 1782 Subpoena effectively seeks to tie Mr. Rossini to a number of individuals and entities, including Russian oligarchs and related persons, as well as political leaders like Vladimir Putin (the "**Individuals**"). As detailed below, Petitioners **know** that certain of the Individuals are the subject of pending U.S. criminal investigations in the United States – in fact, Mr. Stedman recently published statements noting the existence of those investigations and alleged that Mr. Rossini is connected to them.

      On January 13, 2023, Mr. Rossini sat for his deposition, which lasted for over three hours. Mr. Rossini answered Petitioners' questions completely and fully, but for a small number of specific questions to which he, based on the advice of his criminal defense counsel, invoked his Fifth Amendment rights.[1] This specifically included questions about: (1) **the indictment** in the

---

[1] In advance of Mr. Rossini's third-party deposition, the undersigned conferred in good faith with Petitioners' counsel on repeated occasion about both the Ongoing Criminal Case and Mr. Rossini's Fifth Amendment

Ongoing Criminal Case, and (2) work performed on matters concerning Russian oligarchs Oleg Deripaska and Dmitry Rybolovlev, and their related businesses and affiliates (all questions Petitioners put at issue concern the same)(the "**Fifth Amendment Questions**"). At the outset of Mr. Rossini's deposition, and through his counsel, he also invoked the act-of-production privilege with respect to the documents the 1782 Subpoena seeks.

## II. MR. ROSSINI COMPLIED WITH HIS TESTIMONIAL OBLIGATIONS

As the Court knows, the Fifth Amendment provides that "[n]o person…shall be compelled in any criminal case to be a witness against himself." U.S. Const. Amend. V; *Kastigar v. United States*, 406 U.S. 441, 448 (1972) (applying the right against self-incrimination in civil proceedings). Section 1782(a) incorporates this guarantee: "A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege." In evaluating a claim of privilege pursuant to the Fifth Amendment, the court must look to all of the circumstances of the case and "be governed as much by…personal perceptions of the peculiarities of the case as by the facts actually in evidence." *Hoffman v. United States,* 341 U.S. 479, 487 (1951). If the incriminatory nature is not readily apparent, "the witness then must endeavor to explain how his answer will be incriminatory." *United States v. Edgerton,* 734 F.2d 913, 919 (2d Cir.1984). "Once the court determines that the answers requested would tend to incriminate the witness, it should not attempt to speculate whether the witness will in fact be prosecuted." *Krape v. PDK Labs, Inc.*, 2004 WL 831137, at *4 (E.D.N.Y. Apr. 19, 2004).

Mr. Rossini complied with his obligations under the 1782 Subpoena when he testified on January 13th. He did not assert a blanket Fifth Amendment invocation – instead when he asserted the privilege, it was done on a limited and question-by-question basis. *Krape*, 2004 WL 831137, at *4 (defendant "legitimately invoked" the Fifth Amendment and did not assert an improper "blanket" invocation). The incriminatory nature of Petitioners' Fifth Amendment Questions are readily apparent. It is well known that the U.S. Department of Justice ("**DOJ**") is actively investigating and prosecuting individuals who worked with Russian oligarchs.[2] Indeed, it is a matter of public record that the DOJ has charged Oleg Deripaska (the subject, collectively with his businesses and matter, of many of the questions at issue), and is prosecuting and investigating others who dealt with him. Earlier this week, a criminal indictment was unsealed against Charles McGonigal, a former senior FBI agent (as Mr. Rossini was) in relation to his work for Mr. Deripaska. Forcing an active criminal defendant to testify as to these kinds of matters – regardless of their relation to the facts of his current indictment - creates "a realistic risk of incrimination on other charges, or…a risk of incrimination in connection with other transactions." *Krape*, 2004 WL 831137, at *6. Mr. Rossini's fear of triggering further investigation into his conduct under these circumstances "is a reasonable cause for apprehension, and supports the claim of privilege." *U.S.*

---

concerns, in an effort to explain the necessary limitations. We disagree with Petitioners' written characterization of those meetings, and have done so previously. In this regard, Petitioners' claim that the undersigned represented that Mr. Rossini "likely did not have responsive documents" is inaccurate.

[2] *See U.S. v. Charles McGonigal*, 23-cr-016 at ECF No. 2 (Unsealed Indictment); *Former Special Agent In Charge Of The New York FBI Counterintelligence Division Charged With Violating U.S. Sanctions On Russia* (January 24, 2023) available at https://www.justice.gov/usao-sdny/pr/former-special-agent-charge-new-york-fbi-counterintelligence-division-charged-violating

*v. Housand,* 550 F.2d 818, 823 (2d Cir. 1977). Contrary to Petitioners' assertion, the invocation of the Fifth Amendment does not require Mr. Rossini to "explain the connection" between the questions asked and the pending indictment – the privilege protects individuals even where there is *no* pending indictment. *See Booth v. Wilson,* 208 F.3d 202 (2d Cir. 2000) ("danger of self-incrimination was real" where answers "could have furnished a link in the chain of evidence in an eventual tax prosecution").[3]

It is apparent that Petitioners understand the direct risks the Fifth Amendment Questions pose to Mr. Rossini's liberties. Indeed, after Mr. Rossini's deposition, Petitioner Stedman told his readers that Mr. Rossini is tied to Mr. McGonigal and others who worked for Oleg Deripaska, boasting that "[m]y lawyers deposed Mark Rossini 10 days ago. There's more here, folks." *See* Exhibit "A". Earlier, he stated – referring to the FBI investigation –that "Richard Frankel, Mark Rossini, and Charles McGonigal all held senior FBI positions before going to the private sector and working for Russian oligarchs including Oleg Deripaska and Dmitry Rybolovlev." *Id.*

### III. MR. ROSSINI PROPERLY ASSERTED THE ACT-OF-PRODUCTION PRIVILEGE

The 1782 Subpoena broadly requests documents relating to the Individuals. The Supreme Court has held that compulsory compliance with a subpoena for documents is testimonial and violates the Fifth Amendment protection when it requires the "respondent to make extensive use of the contents of his own mind in identifying the ... documents responsive to the requests in the subpoena." *Hubbell,* 530 U.S. 27, 43 (2000). The act-of-production privilege applies where the act of production is, itself, (1) compelled, (2) testimonial, and (3) incriminating. *See In re Three Grand Jury Subpoenas Duces Tecum Dated January 29, 1999*, 191 F.3d 173, 178 (2d Cir.1999). Here, the very act of producing documents responsive to the Subpoena would pose the same threat to Mr. Rossini as his testimony would (*see* prior sections). Indeed, the Petitioners' broad requests require Mr. Rossini to produce documents related to a number of subjects concerning the Individuals, which is tantamount to "compel[ing] testimonial, and incriminating statements" for Fifth Amendment purposes. *S.E.C. v. Forster*, 147 F. Supp. 3d 223, 229 (S.D.N.Y. 2015) (deponent not compelled to "confirm SEC's intuitions"). Finally, we note in connection with Petitioner's complaint as to the absence of a privilege log that none is required when the act-of-production privilege is asserted. *Id.* at 228; *Hubbell*, 530 U.S. at 43.

Accordingly, Mr. Rossini's assertion of his Fifth Amendment privileges should be upheld. In the alternative, and especially because of the significant liberty issues involved, Mr. Rossini requests leave to submit more detailed briefing for the Court's consideration.[4]

---

[3] Petitioners erroneously contend that Mr. Rossini's Fifth Amendment rights are limited to the Ongoing Criminal Case, and their cases are easily distinguishable. In *Sphere Casual Wear, Inc. v. Int'l Leisure Apparel, Inc.*, 1994 WL 67851 (S.D.N.Y. Mar. 2, 1994) the court rejected a requested stay of all discovery until criminal proceedings were resolved, instead ordering objections "with at least some specificity to the information sought" and the party to answer questions "that he cannot adequately demonstrate are covered by his Fifth Amendment privilege". In *Fasolino Foods Co. v. Banca Nazionale Del Lavoro*, 1992 WL 123650 (S.D.N.Y. May 28, 1992) the court did not see how general questions about present sources of income could be incriminating.

[4] With respect to scheduling, we respectfully request that the Court note that Mr. Rossini's civil attorney here is co-lead trial counsel in an expected three week jury trial commencing on January 30, 2023.

Respectfully submitted,

*s*/ David I. Greenberger
David I. Greenberger, Esq.
Bailey Duquette P.C.
O: (212) 658-1946 ext. 204
E:  david@baileyduquette.com
*Civil Counsel to Mark Rossini*

Michael Nadler, Esq.
Stumphauzer Kolaya Nadler & Sloman, PLLC
One Biscayne Tower
2 South Biscayne Boulevard, Suite 1600
Miami, FL 33131
O: (305) 614-1407
E: mnadler@sknlaw.com
*Criminal Counsel to Mark Rossini*

Enclosure

cc: All Counsel of Record (by ECF)