USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/21/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re Application of FORENSIC NEWS LLC and SCOTT STEDMAN for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding.

Case No. 22-MC-0229

**ORDER**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This order resolves the letter motion by Petitioners Forensic News LLC and Scott Steadman to compel Respondent Mark Rossini to return for a second deposition to answer questions to which he previously invoked his Fifth Amendment privilege. (*See* Dkt. 18.) The Court received letter briefing from the parties, heard argument, and reviewed in camera certain materials provided by Rossini.

**Background**

Petitioners are defendants in a defamation action in England filed by British-Israeli "security consultant" Walter Soriano. Soriano claims Petitioners should be held liable for statements made in a series of articles they published discussing associations between Soriano and his security consultancy firm USG Security Limited ("USG") on the one hand, and core figures associated with alleged Russian interference in the 2016 U.S. presidential election on the other. To obtain evidence relevant to their defense, Petitioners sought discovery pursuant to 28 U.S.C. § 1782. As relevant here, Petitioners sought authority to take the deposition of, and receive documents from, Mark Rossini, a former FBI agent who worked as a contractor for USG. On October 19, 2022, the Court granted Petitioners' application. (Dkt. 16.)

1

Petitioners deposed Rossini on January 13, 2023. Rossini answered many of the questions asked. For some questions, however, Rossini invoked his Fifth Amendment right against self-incrimination. The questions for which he invoked the privilege primarily concern questions related to work USG performed for, and Soriano's relationship with, two purported Russian oligarchs, Oleg Deripaska and Dimitri Rybolovlev. Rossini also has refused to produce a handful of documents concerning similar or the same subject matter, invoking the Fifth Amendment "act-of-production" privilege. Most of the work USG performed for Deripaska and Rybolovlev purportedly occurred in or around 2014 to 2017.

Rossini currently is under indictment in *United States v. Vazquez Garced, et al.*, No. 22-342 (D.P.R.). The indictment alleges that, from around December 2019 until May 2020, Rossini conspired with the owner of a Puerto Rican bank to pay Wanda Vazquez Garced – who became governor of Puerto Rico in August 2019 – with the intent of influencing her to remove and replace a regulatory official perceived as hostile to the bank's interests.

The facts at issue in the Garced indictment are entirely different than those at issue in the questions to which Rossini invoked the Fifth Amendment concerning USG and Soriano's work for and relationship with the two Russian oligarchs. Rossini nevertheless invoked the Fifth Amendment because of other events, including that the U.S. Department of Justice ("DOJ") is actively investigating and prosecuting individuals who worked with Russian oligarchs, including Deripaska. One of those individuals is Charles McGonigal, who, like Rossini, is a former senior FBI agent.

## Discussion

A witness may invoke the Fifth Amendment to avoid answering deposition questions if he has "reasonable cause to apprehend that answering the question will provide the government with evidence to fuel a criminal prosecution." *OSRecovery, Inc. v. One Groupe*

2

*International, Inc.*, 262 F. Supp.2d 302, 306 (S.D.N.Y. 2003). "[T]he privilege protects against real dangers, not remote and speculative possibilities." *Zicarelli v. New Jersey State Commission of Investigation*, 406 U.S. 472, 478, 92 S.Ct. 1670, 1675 (1972). Even when a witness "is being prosecuted by the government," he "is not entitled to assert the privilege if the offense with which he is charged is completely unrelated to" the questions asked. *Fasolino Foods Co. v. Banc Nazionale Del Lavoro,* No. 90-CV-334, 1992 WL 123650, at *3 (S.D.N.Y. May 28, 1992). The person invoking the privilege bears the burden of demonstrating his right to do so. *Morgan Art Foundation Ltd. v. McKenzie,* No. 18-CV-4438, 2021 WL 5919133, at *5 n.6 (S.D.N.Y. Dec. 15, 2021).

The Court finds that Rossini has properly invoked his Fifth Amendment privilege. Rossini answered most questions asked of him. Rather than broadly invoking the privilege indiscriminately, he invoked the privilege narrowly in regard to the work performed by USG and Soriano for, and their relationship with, the two Russian oligarchs. Petitioners are correct that the questions at issue bear no relationship to the subject of the currently pending indictment against Rossini in the *Garced* case. But Rossini has demonstrated reasonable ground to believe that answering the questions may fuel further criminal prosecution against him.

As Rossini explains, the DOJ has been investigating and prosecuting persons, such as McGonigal, who worked with Russian oligarchs, including Deripaska. (Dkt. 22 at 2.) Rossini is not currently a subject of the indictment in that case, but that does not diminish the threat posed to answering questions about the work USG performed for Deripaska. As Rossini was a contractor who performed work for USG, answering questions even focusing on just USG and Soriano's work for and relationship with Deripaska potentially implicates Rossini's own involvement in an enterprise that is the subject of a government investigation.

3

The fact that Rossini is already under indictment by the DOJ, albeit on an unrelated subject, heightens the likely scrutiny to which he would be subject with respect to work performed for the Russian oligarchs.

Petitioners argue that the events at issue concerning the two Russian oligarchs involve sanctions imposed in 2018 while "the bulk" of the work USG performed for Deripaska occurred in or round 2014 through 2017, before the sanctions took effect. (Dkt. 29 at 2.) Even so, Rossini has a reasonable apprehension that his answers about the earlier work could establish a connection to projects performed during the more recent timeframe. The same is so with respect to questions about Rybolovlev, even if the DOJ is not currently prosecuting Rybolovlev or those who worked with him. Rossini has a reasonable concern that USG and Soriano's work for and relationship with Rybolovlev could provide incriminating information given the scrutiny presently being given to Deripaska. That is not to say that merely having worked for a Russian oligarch justifies invocation of the Fifth Amendment. It does not. Indeed, Rossini answered questions about whether USG and Soriano did any work for or ever communicated with another Russian oligarch named Abramovich. (Rossini Dep. at 67.[1]) Rossini's answers indicated he has no knowledge of that subject. In contrast, Rossini invoked the privilege with respect to USG and Soriano's work for Deripaska and Rybolovlev, presumably because he has knowledge on those subjects and providing testimony about that knowledge could be self-incriminating.

Finally, there is the issue of the handful of documents that Rossini has withheld on the basis of the "act-of-production" privilege. The Court has reviewed the documents in

---

[1] "Rossini Dep." refers to the transcript of the deposition of Mark T. Rossini, excerpts of which were filed by Petitioners at Dkt. 29-1.

4

camera and agrees with Petitioners that Rossini's production of documents that may have incriminating content is not appropriate grounds for invoking the act-of-production privilege, which applies to instances where the act of production itself conveys something testimonial. *See In re Grand Jury Subpoena Dated February 2, 2012*, 741 F.3d 339, 343 (2d Cir. 2013). That said, Rossini has asserted additional grounds for resisting production of the documents, including attorney-client privilege, work-product protection, and the "litigation privilege" under UK law. Accordingly, by **February 28, 2023**, Rossini must produce a privilege log for those documents providing the information required by the Federal Rules of Civil Procedure.

The Clerk of Court is respectfully requested to terminate the motion at Dkts. 18 and 28.

SO ORDERED:

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated:  February 21, 2023
         New York, New York